# IN THE COURT OF APPEALS OF IOWA

No. 16-1541
Filed June 21, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JOSEPH DAVID PARKER,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

Defendant appeals, challenging the factual basis for his guilty plea. **SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

Karmen R. Anderson of The Law Office of Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Joseph Parker was charged by trial information with knowingly carrying a dangerous weapon, to wit: brass knuckles, in violation of Iowa Code section 724.4(1) (2016). He filed a written petition to plead guilty in which he admitted "having brass knuckles in the vehicle." The order accepting plea and setting sentencing recited Parker appeared with counsel and pled guilty. On the weapons charge, the court sentenced Parker to two years' incarceration and suspended the fine. Parker appeals, claiming counsel was ineffective. Our review is de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

Parker did not file a motion in arrest of judgment but claims he should be allowed to proceed with this appeal because his plea counsel was ineffective for allowing him to plead when there was no factual basis for his plea. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) ("If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty. It is well-settled law that under these circumstances, we presume prejudice." (citation omitted)). Specifically, he claims having brass knuckles in a vehicle is not a crime under Iowa Code section 724.4(1) and there was no evidence the knuckles were a dangerous weapon.

Upon our review of the record and the minutes of evidence,[1] and following the reasoning of *State v. Tusing*, 344 N.W.2d 253, 254 (Iowa 1984), and an

---

[1] "Normally, ineffective-assistance-of-counsel claims are considered in postconviction relief proceedings." *State v. Vance*, 790 N.W.2d 775, 785 (Iowa 2010). When, as here, "the record is sufficient to address a claim of ineffective assistance of counsel," we address the claim on direct appeal. *Id.*

unpublished opinion of our court, *State v. Eaton*, No. 14-1309, 2015 WL 3884354, at *2 (Iowa Ct. App. June 24, 2015), we find the record does not at this time show evidence sufficient to satisfy the elements of a violation of section 724.4(1). Accordingly, counsel provided ineffective assistance.

Pursuant to Iowa Court Rule 21.26(e), we vacate Parker's sentence and remand to allow the State an opportunity to supplement the record. If a factual basis cannot be shown, Parker's plea must be set aside.

**SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS**.